# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ANDREW L. JAMISON,                                                    PETITIONER

v.                                                                    No. 2:07CV8-M-A

WARDEN BYRD, ET AL.                                                   RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Andrew L. Jamison for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered; the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Delta Correctional Facility in Greenwood, Mississippi. He was convicted in the Circuit Court of Desoto County, Mississippi of attempted armed robbery (Count I) and possession of a stolen firearm (Count II). He was sentenced to ten years in Count I, with three years to serve and seven years of post-release supervision (five years reporting, two years non-reporting). *Id*. The petitioner was sentenced in Count II to a consecutive term of five years. *Id*. The petitioner did not timely appeal his convictions.

On April 28, 2006, the petitioner filed his first federal *habeas corpus* petition in this Court. Cause No. 2:06cv00073. On July 6, 2006, the state moved to dismiss the petition due to his failure to exhaust state court remedies. The court dismissed the petition for failure to exhaust on August 29, 2006. *Id*. The court warned the petitioner that the limitations period was running:

Although the petitioner claims that he mailed a motion to appeal out of time to the Mississippi Supreme Court and has presented mail logs to substantiate that claim, the fact remains that such a motion has not been filed in that court. The petitioner has spent a considerable amount of time and effort in an attempt to prove that he mailed the motion for out-of-time appeal to the Mississippi Supreme Court. Whether that motion was lost in the mail or filed in the wrong case, the petitioner would do well to pursue his claims anew under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1, *et seq*.

*Id*.

The petitioner then returned to state court, filing numerous pleadings in both the circuit court and the Mississippi Supreme Court. The procedural history resulting from petitioner's return to state court follows:[1]

| | |
|---|---|
| September 11, 2006 | Petitioner filed a "Motion For Permission To Proceed Out-Of-Time" in the Mississippi Supreme Court. |
| September 14, 2006 | Petitioner submitted for filing in the circuit court "Petitioner For Post-Conviction Relief Act To Vacate And Set-A-Side Or Reverse Sentence." |
| October 2, 2006 | Petitioner filed a "Notice of Appeal" in the Desoto County Circuit Court. |
| October 5, 2006 | The circuit court entered an "Order" in which the court refused to accept Jamison's "Petitioner For Post-Conviction Relief Act To Vacate And Set-A-Side Or Reverse Sentence" on the basis that Jamison had not paid the filing fees and had not established that he was entitled to proceed *in forma pauperis*.[2] |

---

[1]Unless otherwise shown, the pleadings and orders referenced in the following procedural history can be found in "Miscellaneous Pleadings," Cause No. 2006-TS-1656.

[2]The circuit court's order declining to accept the petitioner's post-conviction petition provided, in relevant part:

Jamison had retained counsel for his trial and sentence. Although Jamison has

| | |
|---|---|
| October 19, 2006 | The circuit court entered an "Order Denying Leave To Appeal In Forma Pauperis."[3] |
| November 6, 2006 | Petitioner filed a "Petition For An Order To Show Cause" in the Mississippi Supreme Court.[4] |
| November 9, 2006 | "Order" entered by the supreme court remanding petitioner's motion for out-of-time appeal (filed in the supreme court on September 11, 2006) to the circuit court for consideration and entry of an order. |
| November 30, 2006 | The circuit court entered "Order Denying Motion For Permission To Proceed Out-Of-Time."[5] *(According to the records of the Mississippi Supreme Court, Jamison did not appeal this order.)* |
| January 3, 2007 | The Mississippi Supreme Court denied Jamison's petition to show cause, noting that the circuit court had already denied petitioner's request to appeal *in forma pauperis* or out-of-time. |

---

requested to proceed *in forma pauperis*, and has submitted an affidavit of poverty substantially similar to Form 4 of M.R.A.P., Jamison has failed to show that his financial situation has changed since the trial court where he had retained counsel. Upon checking with inmate accounts, Jamison has had deposits of over $660.00 to his inmate account over the last six months but had a balance of $21.17 on September 18, 2006. Jamison is instructed that if he files a petition under the Mississippi Post-Conviction Collateral Relief Act, he must submit a civil cover sheet and the appropriate filing fees or it will again be returned, unfiled.

[3]The "Order Denying Leave To Appeal In Forma Pauperis" was entered in response to the petitioner's notice of appeal filed in that court on October 2, 2006. In its order, the court held that even if the petitioner had properly established his indigent status, he had not obtained permission to file the appeal out-of-time.

[4]In his petition to show cause, the petitioner was asking the Mississippi Supreme Court to order the circuit court to rule on petitioner's "Notice of Appeal" that he had filed on October 2, 2006.

[5]The pertinent portion of the transcript referenced in the circuit court's order denying petitioner's motion to proceed out-of-time on appeal is attached to the state's answer as Exhibit C.

In the instant Petition for Writ of Habeas Corpus, Jamison raises the following issues (as stated by the petitioner):

**Ground One**: State never prove[d] overt element of the crime beyond a reasonable doubt.

**Ground Two**: Constitutional right to first appeal ineffective assistance of counsel[: ]failure to file[] said appeal.

**Ground Three**: J.N.O.V.[: ]verdict did not withstand the weight of the evidence.

**Ground Four**: Defective indictment 5th Amendment Right to grand jury indictment jurisdiction to impose sentence count 2.

**Procedural Bar**

None of claims in this federal *habeas corpus* petition have been presented to the state's highest court in a procedurally proper manner. As such, all the claims are now barred under the doctrine of procedural default. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995)(when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.); *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule). By failing to appeal the circuit court's denial of his motion for out-of-time appeal, the petitioner waived his sole opportunity to present his claims to the state's highest court. "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). As the petitioner did not exhaust his state court

remedies regarding his motion for out-of-time appeal, he lost the opportunity to bring his claims before the state's highest court.[6] The petitioner has thus defaulted all of the grounds in the instant petition, and this Court is now precluded from reviewing those claims.

The petitioner has not show cause for his default to that the court may reach the merits of the claims despite the procedural bar – because no external impediment existed to prevent him from appealing the circuit court's denial of petitioner's motion for out-of-time appeal. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). While attorney error can constitute cause to overstep procedural default, it cannot do so in the instant case because the petitioner was not entitled to counsel on post-conviction review, *and* because he filed his post-conviction petition as a *pro se* litigant. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993 (1987).

The petitioner chose not to appeal the circuit court's denial of his motion for out-of-time appeal. Thus, he cannot overcome the procedural default in Grounds One, Two, Three, and Four of the instant petition. As the petitioner has not shown cause for his default, the court need not consider whether he suffered prejudice from its application. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). In addition, the petitioner will not suffer a fundamental miscarriage of justice if his claims are not heard on the merits because he cannot show, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)

---

[6]A motion for out-of-time appeal is a post-conviction action. MISS. CODE ANN. § 99-39-21(5). In addition to filing a motion for out-of-time appeal, the petitioner also attempted to file a petition for post-conviction relief in the trial court – but has been unsuccessful in getting the petition filed due to his failure to pay the applicable filing fees or to properly establish his indigency. *See* Exhibit B to the state's answer; *see also* "Order," contained in "Miscellaneous Pleadings, Cause No. 2006-TS-1656. At this juncture, even if petitioner were successful in his attempt to file his post-conviction petition in the circuit court, the petition would be a successive writ, and thus barred under § 99-39-27(9) of the Mississippi Code. The petitioner cannot meet any of the exceptions to overcome the bar.

(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). He has not supported his allegations with new, reliable evidence that was not presented at trial – or shown that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). The petitioner certainly has not met this standard; he does not offer any "new, reliable evidence that was not presented at trial." As such, the petitioner's claims in Grounds One, Two, Three, and Four of the instant petition shall be dismissed as procedurally defaulted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 10th day of October, 2007.

 **/s/ Michael P. Mills**
 **CHIEF JUDGE**
 **UNITED STATES DISTRICT COURT**
 **NORTHERN DISTRICT OF MISSISSIPPI**